UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| CATALINA CASTRO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No.   4:14 CV 1329 RWS |
| | ) | |
| ORGANON USA, INC., et al, | ) | Case No.   4:08MD1964 RWS |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

Plaintiff Catalina Castro originally filed this case in 197th Judicial District Court, Cameron County, Texas. She asserted state law claims against Defendant Organon and its successors as well as claims against a Texas nurse practitioner. Defendants removed the case to the United States District Court of the Southern District of Texas asserting diversity jurisdiction. In their removal papers, Defendants argued that the nurse practitioner was improperly joined in the lawsuit to defeat diversity jurisdiction. The case was subsequently transferred to this Court as part of the In re NuvaRing multidistrict litigation.

Castro has filed a motion to remand which Defendants oppose. The issue is whether the nurse practitioner was fraudulently joined in this action in an attempt to thwart federal diversity jurisdiction.

 "A defendant may remove a state law claim to federal court only if the action originally could have been filed there." In re Prempro Products Liability Litigation,

591 F.3d 613, 619 (8th Cir. 2010). Diversity jurisdiction under 28 U.S.C. § 1332 requires an amount in controversy greater than $75,000 and complete diversity of citizenship among the litigants. 28 U.S.C. § 1332(a). "Complete diversity of citizenship exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship." OnePoint Solutions, LLC v. Borchert, 486 F.3d 342, 346 (8th Cir. 2007). The defendant bears the burden of establishing federal jurisdiction by a preponderance of the evidence. Altimore v. Mount Mercy College, 420 F.3d 763, 768 (8th Cir. 2005). "All doubts about federal jurisdiction should be resolved in favor of remand to state court." In re Prempro, 591 F.3d at 620.

"Courts have long recognized fraudulent joinder as an exception to the complete diversity rule." Id. "Fraudulent joinder occurs when a plaintiff files a frivolous or illegitimate claim against a non-diverse defendant solely to prevent removal." Id.

In the present lawsuit, Castro claims are based on damages Castro sustained through the use of the product NuvaRing. Castro asserts several products liability claims against the Organon defendants including a failure to warn claim.

Castro's complaint identifies Defendant Lisa L. Rudd as a nurse practitioner who prescribed NuvaRing to Castro. Castro is a citizen of Texas whose presence in the case would undermine diversity jurisdiction in this matter. Defendants assert

that Castro's claims against Rudd are a sham, solely offered to prevent removal of the case to federal court.

In the complaint Castro alleges that the Organon defendants knew or should have known of increased risks in the use of NuvaRing compared to other contraceptives. Castro's only specific allegations against Defendant Rudd are that Rudd "relied on the assurances by a Merck representative that NuvaRing was safe, and switched Plaintiff, Catalina Castro, from her usual and customary birth control to Nuvaring." [Compl. at 9]

Castro also alleges that Rudd "prescribed the prescription drug NuvaRing to Plaintiff. Defendant Lisa Rudd, N.P. relied on assurances by the Merck representatives that NuvaRing was safe, and switched Plaintiff, Catalina Castro, from her usual and customary birth control to NuvaRing. Plaintiff used the NuvaRing for its intended purpose, on the recommendations of Defendant Lisa Rudd, N.P., and as reasonably anticipated without knowledge of its characteristics." [Id. at 15]

In her motion to remand, Castro argues that she has asserted claims against Rudd for negligence and a failure to warn. However, the complaint simply states that factual allegations above, that Rudd, relying on representations from Merck, prescribed NuvaRing for Castro. The complaint does not assert that Rudd breached any duty of care to Castro or any other wrongful conduct by Rudd. Castro's

complaint does not allege any facts which would support her claim that Rudd knew or should have known that Merck's representations about NuvaRing were allegedly false. Castro's complaint does not allege, nor can she in good faith allege, that Rudd played any role in the design, manufacture, product label and warnings, or marketing of NuvaRing.

As a result, I find that Castro has failed to state a claim against Rudd because she has failed to assert any factual allegations which would support a negligence claim or a failure to warn claim against Rudd.

Accordingly,

**IT IS HEREBY ORDERED that** Plaintiff' Catalina Castro's motion to remand [16] is **DENIED**.

**IT IS FURTHER ORDERED that** Defendants' motion to stay [9] is **DENIED** as moot.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 11th day of June, 2015.